RECEIVED IN CLERK'S OFFICE
U.S.D.C. – Rome

NOV 1 0 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT NORTHERN

# DISTRICT OF GEORGIA

| | |
|---|---|
| DESTINEE GREEN. <br><br> Plaintiff. <br><br> vs. <br><br> WELLSTAR HEALTH SYSTEM. INC.. <br><br> Defendant | Civil Action No. _____ <br><br> 4 25-CV- 319 <br><br> **COMPLAINT FOR EMPLOYMENT** <br><br> **DISCRIMINATION** |

(Title VII of the Civil Rights Act of 1964)

**Plaintiff, Destinee Green ("Plaintiff"),** brings this action against Defendant. Wellstar Health System. Inc. ("Wellstar" or "Defendant"). and alleges as follows:

## I. JURISDICTION AND VENUE

1. This is a civil action for employment discrimination. unlawful retaliation, and related relief. brought under **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). and the **Civil Rights Act of 1991**, 42 U.S.C. § 1981a. The Plaintiff seeks both equitable relief and monetary damages for injuries sustained as a result of the Defendant's unlawful employment practices.

2. This Court has **subject matter jurisdiction** over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). because this action arises under the laws of the United States. and 28 U.S.C. § 1343(a)(3)–(4), which confers jurisdiction over actions to redress

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 1

deprivations of civil rights and to secure equitable or other relief under Acts of Congress providing for the protection of civil rights, including Title VII.

3. The Court also has jurisdiction pursuant to **42 U.S.C. § 2000e-5(f)(3)**, which expressly vests the United States District Courts with jurisdiction over actions brought under Title VII after the issuance of a Notice of Right to Sue by the Equal Employment Opportunity Commission ("EEOC"). Plaintiff timely files this action within ninety (90) days of receipt of her Notice of Right to Sue.

4. **Venue** is proper in this judicial district under **28 U.S.C. § 1391(b)** and **42 U.S.C. § 2000e-5(f)(3)** because:

   a. All or a substantial part of the events or omissions giving rise to the claims occurred in the **Northern District of Georgia**;

   b. The employment practices challenged herein were committed in this district; and

   c. The Defendant conducts business and maintains facilities in this district, thereby subjecting it to the Court's personal jurisdiction.

## II. PARTIES

5. **Plaintiff**, Destinee Green, is an African American female and a resident of the State of Georgia. At all times relevant to this Complaint, Plaintiff was employed by Defendant within the Northern District of Georgia. Plaintiff is a member of a protected class under Title VII on the basis of her race and sex.

6. Plaintiff was hired by Defendant and, during her employment, performed her job duties in a satisfactory manner and in accordance with the reasonable expectations of her employer.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 2

7. **Defendant**, Wellstar Health System, Inc. ("Wellstar"), is a Georgia nonprofit corporation with its principal place of business located within this judicial district. Defendant operates numerous hospitals, clinics, and medical facilities within the State of Georgia, including in the Northern District of Georgia, and conducts substantial business in this district.

8. At all times relevant to this Complaint, Defendant employed more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b).

9. Defendant was and is an "employer" within the meaning of Title VII and is subject to the provisions of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

## III. ADMINISTRATIVE EXHAUSTION

10. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), assigned Charge No. **410-2025-01540**, alleging that Defendant engaged in unlawful employment practices on the basis of race and sex, subjected her to a hostile work environment, and retaliated against her in violation of Title VII of the Civil Rights Act of 1964.

11. Plaintiff's EEOC charge detailed specific incidents of discrimination and retaliation, including disparate treatment in the terms and conditions of employment, unequal application of disciplinary policies, and retaliatory actions taken after Plaintiff engaged in protected activity.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 3

12. The EEOC investigated Plaintiff's charge and provided Defendant an opportunity to respond. Defendant submitted a position statement, which Plaintiff contends contained material inaccuracies and omissions.

13. On or about August 12, 2025, the EEOC issued to Plaintiff a **Notice of Right to Sue**, authorizing her to bring this action in federal court. A true and correct copy of the Notice of Right to Sue is attached hereto as **Exhibit 1**.

14. This lawsuit is timely filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue, in compliance with 42 U.S.C. § 2000e–5(f)(1).

## IV. FACTUAL ALLEGATIONS

15. Plaintiff began her employment with Defendant on or about **October 22, 2018** as **Front Office Specialist** at Defendant's facility located within the Northern District of Georgia.

16. Throughout her tenure, Plaintiff consistently performed her duties in a professional, competent, and satisfactory manner, meeting or exceeding Defendant's legitimate performance expectations. Her work product, attendance, and conduct were in line with or above the standards set forth by Defendant. *(See Exhibit 2 – Performance Records)*.

17. Despite her strong performance, Plaintiff was subjected to repeated discriminatory treatment by supervisors and coworkers because of her race (African American). The discriminatory acts included, but were not limited to: imposing disparate and harsher discipline than that applied to non-African American employees; denying Plaintiff access to necessary work resources and opportunities for advancement; and subjecting her to unwarranted scrutiny and micromanagement not applied to similarly situated employees

outside her protected class. *(See Exhibit 3 – Employee Statements documenting disparate treatment)*.

18. On multiple occasions, Plaintiff made good-faith complaints to Human Resources, detailing specific incidents of racial discrimination, policy violations, and retaliation by supervisors. Despite having actual notice, Defendant failed to take appropriate corrective action, in violation of its own anti-discrimination and anti-retaliation policies. *(See Exhibit 4 – HR Complaint Emails)*.

19. Immediately after engaging in this protected activity, Plaintiff experienced a pattern of retaliatory conduct. This included her exclusion from important meetings, reassignment of key job duties to less-qualified employees, sudden and unjustified negative performance notations, and the issuance of retaliatory write-ups inconsistent with her prior stellar evaluations. *(See Exhibit 5 – Retaliatory Write-Up)*.

20. On or about **November 5, 2024**, Defendant issued Plaintiff a formal termination notice — the first and only corrective action she had ever received during her employment. *(See Exhibit 6 – Termination Letter)*.

21. Defendant's stated reason for Plaintiff's termination was pretextual, unsupported by credible evidence, and inconsistent with its own Standards of Behavior and Disciplinary Policy. *(See Exhibit 7 – Policy Manual)*.

22. Upon information and belief, similarly situated non-African American employees who engaged in comparable or more severe conduct were not disciplined or terminated and, in some cases, received coaching or reassignment instead of termination. *(See Exhibit 8 – Comparative Discipline Records)*.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 5

23. As a direct and proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered substantial economic losses, including lost wages, lost benefits, and diminished career opportunities, as well as significant emotional distress, mental anguish, humiliation, and loss of enjoyment of life. *(See Exhibit 9 Medical Records)*

## V. CAUSES OF ACTION

### COUNT I – Race Discrimination (Title VII)

24. Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth herein.

25. Defendant, through its agents and supervisors, discriminated against Plaintiff on the basis of race (African American) by subjecting her to disparate treatment, imposing unwarranted and disproportionate discipline, denying her equal access to resources and opportunities, and ultimately terminating her employment without legitimate cause.

26. The discriminatory treatment included heightened scrutiny, denial of support and advancement opportunities, harsher disciplinary standards than those applied to non-African American employees, and enforcement of workplace policies in an inconsistent and unequal manner. *(See Exhibits 3, 7, and 8).*

27. Defendant's actions constitute unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), which prohibits discrimination with respect to compensation, terms, conditions, or privileges of employment on the basis of race.

28. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer economic losses, including lost wages and benefits,

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 6

and non-economic damages such as emotional distress, mental anguish, humiliation, and loss of professional standing.

## COUNT II – Retaliation (Title VII)

29. Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth herein.

30. Plaintiff engaged in protected activity under Title VII when she made good-faith complaints to Human Resources and other management officials about race-based discrimination and violations of Defendant's own anti-discrimination policies. *(See Exhibit 4 – HR Complaint Emails)*.

31. Shortly after engaging in protected activity, Defendant retaliated against Plaintiff by:

    a. Excluding her from important meetings;

    b. Reassigning her duties to less-qualified employees;

    c. Issuing unwarranted and retaliatory performance write-ups inconsistent with her prior evaluations; and

    d. Terminating her employment under pretextual circumstances. *(See Exhibits 5 and 6)*.

32. Defendant's conduct violates Title VII, specifically 42 U.S.C. § 2000e-3(a), which prohibits retaliation against employees who oppose unlawful employment practices or participate in related proceedings.

33. As a direct and proximate result of Defendant's retaliation, Plaintiff has sustained both economic and non-economic damages as described above.

## COUNT III – Hostile Work Environment (Title VII)

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 7

34. Plaintiff incorporates by reference Paragraphs 1 through 37 as though fully set forth herein.

35. Defendant subjected Plaintiff to a hostile work environment because of her race, which included persistent derogatory treatment, disparate enforcement of workplace rules, and retaliatory actions designed to create intolerable working conditions.

36. The discriminatory and retaliatory conduct was severe and pervasive, occurring over an extended period and involving multiple supervisors and employees, thereby altering the terms and conditions of Plaintiff's employment and creating an abusive work environment.

37. Defendant knew or should have known of the hostile work environment through Plaintiff's repeated complaints but failed to take prompt and effective remedial action. *(See Exhibits 3 and 4).*

38. Defendant's actions and omissions constitute unlawful employment practices under Title VII, and Plaintiff has suffered economic harm, emotional distress, and mental anguish as a direct result.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

a. **Enter judgment** in favor of Plaintiff and against Defendant on all Counts of the Complaint;

b. **Award back pay** for all lost wages, salary differentials, and employment benefits from the date of termination to the date of judgment;

c. **Award front pay** in lieu of reinstatement, including the value of future wages and benefits

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 8

Plaintiff would have earned but for Defendant's unlawful conduct;

d. **Award lost benefits** including but not limited to health insurance, retirement contributions, and other employment-related benefits;

e. **Award compensatory damages** for emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life pursuant to 42 U.S.C. § 1981a;

f. **Award punitive damages** to deter Defendant and other employers from engaging in similar unlawful employment practices;

g. **Award allowable litigation costs and expenses**, including those permitted to pro se litigants under federal law;

h. **Grant such other and further relief** as the Court deems just, equitable, and proper.

**Respectfully submitted,**

Date: 11/10/2025    *Destinee Green*

**Destinee Green**

13 Winding Water Cove SW

Euharlee, GA 30120

706-346-4552

clm131024@bellsouth.net

*Pro Se Plaintiff*

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 9